HOGAN LOVELLS US LLP
Stephen A. Loney, Jr. (N.J. No. 005172006)
stephen.loney@hoganlovells.com
Jason M. Russell (N.J. No. 294212019)
jason.russell@hoganlovells.com
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

*Attorneys for Defendant*
*Bank of America, N.A., sued herein as*
*"Bank of America" and "Bank of America, N.A."*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS D. CUSACK AND LYNN MARIE CUSACK, INDIVIDUALLY AND ON BEHALF OF ALL INDIVIDUALS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>v.<br><br>BANK OF AMERICA, BANK OF AMERICA, N.A. AND JOHN DOES 1-10,<br><br>DEFENDANTS. | Civil Action No. 20-cv-2900<br><br>**NOTICE OF REMOVAL** |

1

TO THE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE THAT Defendant Bank of America, N.A., sued herein as "Bank of America" and "Bank of America, N.A." ("BANA"), by its attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Superior Court of New Jersey Law Division, County of Gloucester to the United States District Court for the District of New Jersey, without waiving any claims, counterclaims, defenses, exceptions, rights or obligations that may be available to it in state of federal court, and as grounds for removal states as follows:

1. On February 14, 2020, BANA received[1] a Summons and Complaint in an action filed by Plaintiffs Thomas D. Cusack ("T. Cusack") and Lynn Marie Cusack ("L. Cusack" and with T. Cusack, the "Cusacks"), individually and purportedly on behalf of all individuals similarly situated (collectively, "Plaintiffs") in the Superior Court of New Jersey Law Division, County of Gloucester, case number GLO L-000113-20 on January 27, 2020 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and Affidavit of Service are attached hereto as Exhibit A.

---

[1] BANA reserves all rights to contest the sufficiency of service of process.

Other than those documents, no pleadings, process, or orders have been served upon BANA in the State Court Action.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

*The Parties Are Citizens of Different States*

4. BANA is a national banking association chartered by the United States Office of the Comptroller of the Currency and organized under the National Bank Act, 12 U.S.C. § 21. National banking associations are deemed "citizens of the States in which they are respectively located." 28 U.S.C. § 1348; Wachovia Bank v. Schmidt, 546 U.S. 303, 303, 126 S. Ct. 941, 942, 163 L. Ed. 2d 797 (2006) ("national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"); Liptok v. Bank of Am., 773 F. App'x 97, 99 (3d Cir. 2019) ("Bank of America is a citizen of North Carolina, where it maintains its principal place of business"). BANA's main office is located Charlotte, North Carolina.[2] Thus, for purposes of diversity of citizenship under (28 U.S.C. § 1332), BANA is a citizen of the state of North Carolina. See Liptok, 773 F.App'x at 99.

---

[2] See Comptroller of Currency, Administrator of National Banks, Active National Banks, available at https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.

5. According to the Complaint, the Cusacks are individuals residing in the State of New Jersey. See Ex. A (Compl.) at ¶ 9.

6. The Cusacks also purport to act on behalf of a "class being composed of a class of other New Jersey citizens similarly situated to plaintiffs and suffering similar harms." *Id*. at ¶ 120.

7. Because the Cusacks and all other purported plaintiffs are citizens of the State of New Jersey, and BANA, the only defendant specifically identified in the Complaint, is not a citizen of the State of New Jersey, there is complete diversity in this action.

### *The Amount in Controversy Exceeds $75,000.00*

8. The value of the Cusacks' alleged damages exceeds $75,000. See 28 U.S.C. 1332. The Cusacks allege that BANA violated New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, et. seq. ("NJCFA") by allegedly improperly withdrawing a sum of at least $3,414.88 from the Cusacks' personal deposit accounts to satisfy amounts due on T. Cusack's business line of credit. According to the Complaint, these alleged violations entitle the Cusacks to a statutory refund, treble damages on their ascertainable losses, and attorneys' fees. See Compl. ¶¶ 21-25, 63, 77, 153-159. Attorneys' fees are authorized under the NJCFA and must be considered in calculating the amount in controversy. See N.J.S.A. 56:8–19; Suber v. Chrysler Corp., 104 F.3d 578, 584 (3d Cir. 1997), as amended (Feb. 18,

1997) ("Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

9. Further, the Cusacks seek an order or judgment cancelling the debt owed by T. Cusack on his business line of credit, in an amount that exceeds $44,604.25. See Compl. ¶¶ 67, 160-265, Ex. 9. The Cusacks' demand for the cancellation of their debt, in an amount of at least $44,604.25, is part of the amount in controversy. See Auto–Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 397 (3d Cir. 2016) ("well established that the amount in controversy [in diversity actions] is measured by the value of the object of the litigation").

10. The Cusacks also allege that BANA violated the New Jersey Truth-In-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to 18 (the "TCCWNA") and that they are entitled to damages in the amount of at least $100 per violation or actual damages and attorneys' fees. See Compl. ¶¶ 173-178.

11. Further, the Cusacks assert breach of contract and breach of the implied covenant of good faith and fair dealing claims against BANA and allege that they are entitled to damages and a declaration of rights "under the contract and the account." See Compl. ¶¶ 179-202.

12. Accordingly, per the allegations in the Complaint, the Cusacks claim entitlement to an amount exceeding $75,000.00 in total.

    a. First, they specifically claim $48,019.08 consisting of a statutory refund of at least $3,414.88 and cancellation of the debt owed by T. Cusack to BANA, in an amount of at least $44,604.25.

    b. The Cusacks also claim damages, but do not specify the amounts: (1) "ascertainable damages" pursuant to the NJCFA; (2) attorneys' fees under the NJCFA and the TCCWNA; (3) damages pursuant to TCCWNA in the amount of at least $100 per violation or actual damages; and (4) damages and a declaratory judgment on their breach of contract and breach of the implied covenant of good faith and fair dealing claims. The amount of these alleged damages and attorneys' fees reasonably can be expected to exceed $26,980.92,[3] which, added to the $48,019.08 set out in paragraph 12.a above, exceeds $75,000 and thus satisfies the amount in controversy requirement for diversity jurisdiction. See Art Res., LLC v. Hartz Carpet II Ltd. P'ship, No. A-0402-16T3, 2018 WL 2924359, at *3 (N.J. Super. Ct. App. Div. June 4, 2018) (affirming award of $71,266.30 in attorneys' fees on

---

[3] BANA does not concede that the Cusacks will be successful in proving their entitlement to these amounts, nor does BANA concede that the Cusacks will be the prevailing party for purposes of the NJCFA or TCCWNA, such that they would be entitled to attorneys' fees.

successful NJCFA claim); Doe v. Bank of Am., N.A., No. CV 16-3075, 2018 WL 5005004, at *6 (D.N.J. Oct. 15, 2018) (awarding $58,555.00 in mandatory attorneys' fees for violation of NJCFA); Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 23, 860 A.2d 435, 447 (N.J. 2004) (holding that under NJCFA "there need not be proportionality between the damages recovered and the attorney-fee award itself [because] Legislature undoubtedly was aware that in consumer fraud cases involving minor losses, attorneys' fees frequently would exceed the damages suffered" and remanding to lower court to consider $28,050.00 attorneys' fee award).

13. Accordingly, removal is proper. See Rakofsky v. United Healthcare Servs., Inc., No. 2:19-CV-09575-ES-CLW, 2019 WL 3432610, at *3 (D.N.J. July 11, 2019), report and recommendation adopted, No. CV199575ESCLW, 2019 WL 3432448 (D.N.J. July 30, 2019) (declining to remand where plaintiff "sought treble damages and statutory reimbursement of attorney's fees for violations of the New Jersey Consumer Fraud Act and should Plaintiff retain counsel and the case go to trial, it is likely that attorney's fees would exceed $75,000"; "matter must be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount") (citing Frederico v. Home Depot, 507 F.3d 188 (3d. Cir.2007)).

*Compliance with Statutory Removal Procedures*

14. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within thirty (30) days of when BANA received the Summons and Complaint.

15. Removal to this Court is proper under 28 U.S.C. § 1441(a) because Gloucester County, where the State Court Action was filed, is within the District of New Jersey. *See* 28 U.S.C. § 10.

16. Pursuant to 28 U.S.C. § 1446(d), BANA will serve this Notice of Removal on counsels for Plaintiffs, Lewis G. Adler, Esq., 26 Newton Avenue, Woodbury, NJ 08096; John H. Shindle, Ward, Shindle & Hall, 196 Grove Avenue, Suite A, West Deptford, NJ 08086; Paul DePetris, Law Office of Paul Depetris, 7 North Main Street, Suite A, Medford, NJ 08055.

17. Pursuant to 28 U.S.C. § 1446(d), BANA will also file written notice of the filing of the Notice of Removal with the Clerk of the Superior Court New Jersey Law Division, County of Gloucester, and will give written notice to Plaintiffs' counsels.

WHEREFORE, BANA respectfully requests that this Court assume jurisdiction over this matter, and that no further proceedings be held in the Superior Court of New Jersey Law Division, County of Gloucester. Should questions arise as to whether removal is appropriate, BANA requests the

opportunity to submit briefing and be heard in support of its position that removal to this Court is proper.

Dated: March 16, 2020

          HOGAN LOVELLS US LLP

          /s/ Stephen A. Loney, Jr.

          Stephen A. Loney, Jr. (N.J. No. 005172006)
          stephen.loney@hoganlovells.com
          1735 Market Street, 23rd Floor
          Philadelphia, PA 19103
          Tel: (267) 675-4600

          Jason M. Russell (N.J. No. 294212019)
          jason.russell@hoganlovells.com
          1735 Market Street, 23rd Floor
          Philadelphia, PA 19103
          Tel: (267) 675-4600

          Chenxi Jiao
          (*pro hac vice* application to be filed)
          chenxi.jiao@hoganlovells.com
          390 Madison Ave.
          New York, NY 10017
          Tel: (212) 918-3000

## CERTIFICATE OF SERVICE

I, Stephen A. Loney, Jr., hereby certify that on, March 16, 2020, I served via overnight mail a true and correct copy of the foregoing Notice of Removal and all documents filed therewith, on Plaintiffs' counsels:

Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, NJ 08096

John H. Shindle
Ward, Shindle & Hall
196 Grove Avenue, Suite A
West Deptford, NJ 08086

Paul DePetris
Law Office of Paul Depetris
7 North Main Street, Suite A
Medford, NJ 08055

/s/ Stephen A. Loney, Jr.
Stephen A. Loney, Jr.
